# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.                                                  Case No. 05-C-1063

BRINKER INTERNATIONAL
PAYROLL COMPANY, L.P.
d/b/a CHILI'S GRILL & BAR,

        Defendant.

# DECISION AND ORDER

The Equal Employment Opportunity Commission ("EEOC") has moved this Court to compel discovery from the defendant, Brinker International Payroll Company, L.P., d/b/a Chili's Grill & Bar ("Chili's"). Specifically, the EEOC seeks documents and answers to interrogatories pertaining to applicants and employees after January 2004 that Chili's has refused to provide.[1]

## BACKGROUND

In June 2003, Angel Quintero ("Quintero") applied to be a server at a Chili's restaurant located in Pleasant Prairie, Wisconsin. Chili's did not offer Quintero a job. A few

---

[1] The EEOC, in its motion to compel, also asked that the Court require Chili's have one of its employees sign the answers to the interrogatories. In its response, Chili's claims that it sent the EEOC the signed interrogatories that the EEOC requested. The Court need not address, therefore, this portion of the EEOC's motion to compel.

1

months later, in September 2003, Quintero applied to Chili's to be a cook, and this time, Chili's gave Quintero an interview. During the interview, Quintero mentioned that he was most interested in being a server, but Chili's told him that there were no openings for servers at that time. Chili's hired Quintero to the cook position.

After Quintero began working as a cook, Chili's hired several servers, but never promoted Quintero despite his regular expression of interest in the job. Frustrated by his perception that Chili's would often hire Mexicans to work in the "back of the house," as cooks, but never in the "front of the house," as servers, Quintero left Chili's. In April 2004, he filed a discrimination charge with the EEOC, alleging that Chili's refused to promote him on the basis of his national origin and sex. After conducting an investigation, the EEOC issued a finding that Chili's violated Title VII of the Civil Rights Act of 1964 ("Title VII") by discriminating against Quintero and other Hispanics, as a class, by refusing to hire them as servers.

After attempts at conciliation failed, the EEOC filed the present lawsuit on October 6, 2005. In its complaint, the EEOC alleged that Chili's violated Title VII by "maintaining a practice of assigning Hispanic employees to kitchen positions, and not to server positions." (Compl. ¶ 7.) The EEOC subsequently served Chili's with interrogatories and requests for production of documents that sought information pertaining to applicants and employees since February 2003, when Chili's opened its Pleasant Prairie, Wisconsin restaurant. Chili's

complied with the EEOC's requests, except that it refused to provide information pertaining to applicants and employees after January 2004, which was when Quintero left Chili's.

DISCUSSION

The EEOC "may allege in a complaint whatever unlawful conduct it has uncovered during the course of its investigation, provided that there is a reasonable nexus between the initial charge and the subsequent allegations in the complaint." *EEOC v. Harvey L. Walner & Assoc.*, 91 F.3d 963, 968 (7th Cir. 1996). In its initial charge, the EEOC determined that "Hispanics, as a class, were denied the server position" by Chili's. (Tomlinson Aff. ¶ 6, Ex. D.) In its complaint, the EEOC made the same allegation, although in paragraph 7, it no longer referred to the alleged discrimination in the past tense, but rather claimed that Chili's is "maintaining a practice of assigning Hispanic employees to kitchen positions, and not to server positions." (Compl. ¶ 7.) Chili's argues that the EEOC cannot conduct discovery of ongoing discrimination, because the EEOC's initial charge was worded in the past tense, as was most of EEOC's complaint. Thus, Chili's has only produced documents and information pertaining to applicants and employees up to January 2004.

The Court will allow the discovery and compel Chili's to provide the information requested by the EEOC. Information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) The EEOC has alleged that a class of Hispanics were unlawfully discriminated by Chili's without specifying, either in its initial charge or in its complaint, the actual dates in which the discrimination

3

occurred. Thus, requesting information about employment actions up to the present appears to be reasonably related to the charges the EEOC has brought against Chili's.[2]

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The EEOC's Motion to Compel Discovery Responses (Docket No. 18) is **GRANTED**. Chili's is directed to fully respond to Request Nos. 6, 7, 9, 10, and 11 of "EEOC's First Request for Production of Documents" and Interrogatories 6, 7, 8, 9, 12, 13 and 14 of "EEOC's First Set of Interrogatories."

Dated at Milwaukee, Wisconsin this 18th day of July, 2006.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**

---

[2] The Court's ruling does not implicate, either way, whether there is a reasonable nexus between the EEOC's complaint and the EEOC's initial charge.

4